IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CURTIS CAMPBELL,<br><br>Plaintiff,<br><br>vs.<br><br>PITTSBURGH POLICE, OFFICER PERRY ALLAN HILLS, JR. BADGE #4750, OFFICER ANTONACE BADGE #4753, AND SGT. MARCKISOTTO,<br><br>Defendants. | ) | Case No. 2:23-cv-01203 |

**OPINION AND ORDER**

On June 30, 2023, Pro Se Plaintiff, Curtis Campbell, filed a Complaint against Defendants Pittsburgh Police, Officer Perry A. Hills, Jr., Officer Michael Antonace, Jr., and Sgt. Brian Marckisotto alleging excessive force. (ECF No. 3). Plaintiff required several extensions of time before effecting service, which he did on or about December 18, 2025. (ECF 19–22). On February 17, 2026, Defendants filed a Motion to Dismiss Pursuant to Rule 12(b)(6), or in the alternative, a Motion for a More Definite Statement Pursuant to Rule 12(e).[1] (ECF Nos. 25–26). Plaintiff was ordered to file a response to the Motion to Dismiss by April 7, 2026. (ECF No. 28). Three weeks after the deadline passed, on April 21, 2026, Plaintiff sought and was granted an extension until May 5, 2026, to file his response. (ECF No. 29). As of the date of this Order,

[1] Defendants also move, in the alternative, for a more definite statement pursuant to Rule 12(e). There are definitely deficiencies of pleading in the Plaintiff's Complaint, however, a thorough review of the Complaint permits the Court and Defendants to understand the "true substance" of Plaintiff's Complaint. *Garrett v. Wexford Health*, 938 F.3d 69, 94 (3d Cir. 2019). Thus, this Court is capable of identifying Plaintiff's claims and reviewing the Complaint pursuant to the applicable standards. The Court, accordingly, will not dismiss the Complaint for Plaintiff to provide a more definite statement pursuant to Rule 12(e).

Plaintiff has yet to file a response.[2] For the following reasons, Defendants' Motion to Dismiss will be granted, and the Complaint will be dismissed with leave to amend.

## I. Statement of Facts

The following facts are accepted as true for the purposes of Defendants' Motion to Dismiss. (ECF No. 3). The relevant events occurred at an unspecified location at some unnamed time before June 30, 2023, when the Complaint was filed. Plaintiff was involved in a minor traffic stop with Pittsburgh Police. *Id.* Plaintiff alleges that Officer Hills ~~allegedly~~ chased Plaintiff and then tased him multiple times. *Id.* Officer Hills then drew his gun to scare Plaintiff. *Id.* Officer Antonace used profane language and "hurt" Plaintiff while he was injured. *Id.* Plaintiff does not specify how he was hurt by the officer. *Id.* At some point during the interaction, Sgt. Marckisotto jumped on Plaintiff and broke his right pinky finger. *Id.* An unspecified Officer put their knee on Plaintiff's neck. *Id.*

## II. Standard of Review

The Federal Rules of Civil Procedure provide that "[p]leadings must be construed so as to do justice." Fed. R. Civ. Pro. 8(e). When reviewing pro se pleadings, the Court is to apply a "pronounced" liberal standard. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019). A pro se plaintiff's allegations, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). "[A]

---

[2] Although Mr. Campbell filed several extensions before he effected service, such filings indicate a litigant who is actually intent on prosecuting his case. Similarly, after he served Defendants and they filed the Motion to Dismiss, he sought an extension of time to file a response, which again is indicative of a litigant who intends to oppose the motion. Accordingly, the Court declines to grant Defendant's Motion based upon Plaintiff's failure to file a response as ordered. The lack of opposition response means that Plaintiff has forfeited the opportunity to present any opposing arguments. The Third Circuit has a "strong policy favoring decisions on the merits." *Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 132 (3d Cir. 2019) ("Without a doubt, cases should be decided on the merits barring substantial circumstances in support of the contrary outcome"). Therefore, the Court will analyze Defendants' arguments on the merits.

court must make reasonable allowances to protect pro se litigants from the inadvertent forfeiture of important rights due merely to their lack of legal training." *Garrett*, 938 F.3d at 92. Thus, "[c]ourts are more forgiving of pro se litigants for filing relatively unorganized or somewhat lengthy complaints." *Id.* Nevertheless, for Rule 12(b)(6) purposes, "a *pro se* complaint must still 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Salley v. Sec'y Pa. Dep't of Corr.*, 565 Fed.Appx. 77, 81 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678); *see Thakar v. Tan*, 372 Fed.Appx. 325, 328 (3d Cir. 2010) ("[A] litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds *pro se*.").

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1837, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

The Supreme Court has clarified that this plausibility standard should not be conflated with a higher probability standard. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief [*5] above the speculative level." *Twombly*, 550 U.S. at 555. A pleading party need not establish the elements of a prima facie case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (quoting *Graff v. Subbiah Cardiology Assocs. Ltd.*, 2008 U.S. Dist. LEXIS 44192, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997). The primary question in deciding a motion to dismiss is not whether the plaintiff will ultimately prevail, but rather whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000). The purpose of a motion to dismiss is to "streamline[] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326–27, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

When a court grants a motion to dismiss, the court "must permit a curative amendment unless such an amendment would be inequitable or futile." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (internal quotations omitted). Further, amendment is inequitable where there is "undue delay, bad faith, dilatory motive, [or] unfair prejudice." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Amendment is futile "where an amended complaint 'would fail to state a claim upon which relief could be

granted.'" *M.U. v. Downingtown High Sch. E.*, 103 F. Supp. 3d 612, 631 (E.D. Pa. 2015) (quoting *Great Western Mining & Mineral Co.*, 615 F.3d at 175).

## III. Discussion

Plaintiff's Complaint raises two claims: a claim under the Fourth Amendment for excessive force against the individual Defendants, and a claim against the Pittsburgh Bureau of Police under a theory of municipal liability. The Court addresses each claim in turn, applying the standard set forth above to determine whether Plaintiff has alleged sufficient facts to render each claim plausible.

### A. Fourth Amendment

The Fourth Amendment protects "[t]he right of the people to be secure in their persons…against unreasonable searches and seizures." U.S. Const. amend. IV. A seizure occurs when, "by means of physical force or show of authority," an officer "has in some way restrained the liberty of a citizen." *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968). Claims that officers used excessive force during an arrest or other seizure of a citizen are governed by the Fourth Amendment's objective reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989). To determine whether the seizure was "unreasonable," a court must balance "'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Id.* at 396 (quoting *United States v. Place*, 462 U.S. 696, 703 (1983)). A court's consideration is fact-specific, and requires an analysis of "the severity of the underlying offense, the threat to safety of the officers or others posed by the suspect in question, and whether that suspect is actively resisting arrest." *Wargo v. Mun. of Monroeville, PA*, 646 F. Supp. 2d 777, 783–84 (W.D. Pa. 2009) (citing *Graham*, 490 U.S. at 396).

Such a determination must be conducted from the perspective of a reasonable officer at the scene, including such "split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 396–97. The "question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397.

Presently, Plaintiff alleges that Officer Hills chased him, tased him multiple times, and drew his gun to scare him; that Sgt. Marckisotto jumped on him and broke his right pinky finger; that Officer Antonace "used profanity" and "hurt" Plaintiff in an unknown manner; and that an unidentified officer placed a knee on Plaintiff's neck. (ECF No. 3). All such acts arose out of a single encounter that Plaintiff characterizes as a "minor traffic stop." *Id.* Applying the standard discussed above, the Court finds that these allegations, considered together, are insufficient to state a plausible claim.

Although several of these allegations describe discrete physical acts rather than conclusory, "unadorned, the-defendant-unlawfully-harmed-me accusation," that *Iqbal* holds insufficient, the Complaint does not allege when or where this encounter took place. Plaintiff alleges only that the stop occurred at an unspecified date and time, and an unidentified location. (ECF No. 3). Nor does the Complaint allege the underlying reason for the traffic stop or any additional circumstances that might provide Defendants with information as to how a "minor" traffic stop escalated to the point that Plaintiff was physically injured by the officers.

Without an approximate date, time, location, and description of circumstances, none of the named Defendants can properly respond to the allegations and prepare a defense. This deficiency applies to each individual Defendant, including Officer Hills and Sgt. Marckisotto,

notwithstanding that the conduct attributed to them is otherwise described in relatively specific terms. The allegation that Officer Antonace "hurt" Plaintiff does not describe what act caused that harm. In addition, although a plaintiff may not have identified a particular defendant at the time the complaint is filed, in this case, it is unclear if Plaintiff knows the name of the officer who allegedly placed a knee on Plaintiff's neck, or if he was unable to identify the officer. A plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution. *Iqbal*, 556 U.S. at 676. Because the Complaint does not sufficiently provide non-conclusory allegations, it fails to place Officer Hills, Officer Antonace, and Sgt. Marckisotto on notice of the specific conduct each must individually answer for.

So considered, Plaintiff's Fourth Amendment claim does not contain sufficient factual matter to "raise a right to relief above the speculative level," for want of the basic who, what, where, when, and how necessary to render it plausible rather than merely conceivable. *Twombly*, 550 U.S. at 555. The Defendants' Motion to Dismiss will be granted. The Fourth Amendment claim will therefore be dismissed, as to all individual Defendants, with leave to amend. In any amended pleading, Plaintiff must allege: (1) the approximate date, time, and location of the incident; (2) which specific Defendant(s) he alleges engaged in each act of alleged force or misconduct (if Plaintiff is able to identify each Defendant by name; and (3) the factual circumstances of the traffic stop.

**B. Municipal Liability/Monell Claim**

The Complaint also names the Pittsburgh Bureau of Police (PBP) as a Defendant, alleging that it racially profiled him and was otherwise responsible for the conduct described above. (ECF No. 3). The Third Circuit has held that a municipal police department is not a legal

entity separate from the municipality itself for purposes of § 1983 liability. *Briggs v. Moore*, 251 F. App'x 77, 79 (3d Cir. 2007). To the extent Plaintiff has named PBP rather than the City of Pittsburgh, PBP is dismissed as an improper party. However, assuming for the sake of argument that Plaintiff is attempting to assert a claim under a *Monell* theory of liability against the City, Plaintiff has still failed to state a claim against PBP or the City of Pittsburgh upon which relief could be granted.

A municipality cannot be held liable for its employees' wrongful acts under the doctrine of *respondeat superior*. *Monell v. Dept. of Social Services*, 436 U.S. 658, 694–95, 98 (1978). Liability attaches only where the municipality's own policy or custom inflicts the injury. *Monell*, 436 U.S. at 691–94. A policy is established "when a decisionmaker possessing final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1480 (3d Cir. 1980)). A custom, by contrast, requires a course of conduct "so permanent and well-settled as to virtually constitute law." *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009). Under either theory, a plaintiff must also allege facts sufficient to establish a direct causal link between the policy or custom and the specific constitutional injury alleged. *Roman*, 914 F.3d at 798.

Considering this standard, and taking into account Plaintiff's allegations, the Court concludes that Plaintiff has not met his burden. The Complaint identifies no official proclamation, policy, or edict, and names no policymaker. The only basis for the claim is Plaintiff's own encounter with Officer Hills, Officer Antonace, and Sgt. Marckisotto during this single traffic stop. Plaintiff does not allege any other instance of similar conduct, any statistical evidence, or any prior complaint from which a pattern or custom can be inferred. The Complaint

does not identify any policy or policymaker whose conduct could supply the causal link *Roman* demands. *Roman*, 914 F.3d at 798. Nor is a single incident involving non-policymaking employees, without more, ordinarily sufficient to establish a municipal custom. *Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985). Because Plaintiff has failed to allege facts establishing an unconstitutional policy or custom, or the causal link required to connect either to his injury, Defendants' Motion to Dismiss will be granted. Plaintiff's *Monell* claim is dismissed with leave to amend.

## IV. Conclusion

For the reasons stated in this Opinion, Defendant's Motion to Dismiss will be granted, the Complaint will be dismissed, and Plaintiff will be given leave to amend.

## **ORDER**

AND NOW, this 20th day of August 2026, for the reasons set forth above, it is hereby ORDERED that Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6), or in the alternative, a Motion for a More Definite Statement Pursuant to Rule 12(e)., ECF No. 25, is GRANTED.

Plaintiff's Fourth Amendment excessive force claim is dismissed, with leave to amend. The Pittsburgh Bureau of Police is dismissed as a Defendant, as no viable claim is asserted against it. Plaintiff's *Monell* claim, to the extent it is properly construed against the City of Pittsburgh, is dismissed, with leave to amend to assert the claim against a proper party.

Plaintiff is permitted leave to amend his Complaint to address the deficiencies identified in this Opinion. Any amended complaint is due by September 25, 2026. If no amended complaint is filed by September 25, 2026, this case shall be dismissed, and the case will be closed without further notice.

__*s/Marilyn J. Horan*____________
Marilyn J. Horan
United States District Court Judge

Curtis Campbell, pro se
1604 Hatteras Street
Pittsburgh, PA 15212